# EXHIBIT A

In the Superior Court of the State of Arizona

# CV2018-003793

| | |
|---|---|
| Is Interpreter Needed? ☐ Yes ☒ No | MICHAEL K. JEANES, CLERK<br>BY A McLoone<br>A. McLOONE, FILED |
| If yes, what language: | 18 MAR 14  PM 2: 49 |

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney  Craig A. McCarthy

Attorney Bar Number  013128

Plaintiff's Name(s):  (List all)        Plaintiff's Address:              Phone #:          Email Address:

John C. McCullom as surviving spouse of Lita Delgado-McCullom, c/o Craig McCarthy, 602.257.7974, mccarthy@gustlaw.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)      UNUM Life Insurance Company of America

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the <u>one</u> case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O.   ☐ 124 Other

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☒ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar) .
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

1    **GUST ROSENFELD** P.L.C.
     One East Washington Street, Suite 1600
2    Phoenix, Arizona 85004-2553
     Tel: 602.257.7422
3    Craig A. McCarthy – 013128
     John Taylor Shoaf - 025164
4    mccarthy@gustlaw.com
     jtshoaf@gustlaw.com
5

6    **Attorneys for Plaintiff**

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                 IN AND FOR THE COUNTY OF MARICOPA

9    JOHN C. MCCOLLUM, individually and as
     surviving spouse of LITA DELGADO-
10   MCCOLLUM, decedent,                              No.   CV 2018-003793

11                        Plaintiff,                  **PLAINTIFF'S CERTIFICATE RE:
                                                      COMPULSORY ARBITRATION**
12              v.

13   UNUM LIFE INSURANCE COMPANY OF
     AMERICA, a Maine corporation; JOHN AND
14   JANE DOES 1-10;  XYZ ENTITIES 1-10,

15                        Defendants.

16

17          The undersigned certifies that he knows the dollar limits and any other

18   limitations set forth by the local rules of practice for Maricopa County Superior Court,

19   and further certifies that this case **is not** subject to compulsory arbitration, as provided

20   by Arizona Rules of Civil Procedure 72-76.

21          Dated: March 14, 2018.

22                                             GUST ROSENFELD P.L.C.

23

24                                             By
25                                                  Craig A. McCarthy
                                                    Attorneys for Plaintiff
26

CAM:cls 320395.1 3/13/2018                          1

MICHAEL K. JEANES
Clerk of the Superior Court
By Angus McLoone, Deputy
Date 03/14/2018 Time 14:50:38

| Description | Amount |
|---|---|
| ———— CASE# CV2018-003793 ———— | |
| CIVIL NEW COMPLAINT | 322.00 |
| TOTAL AMOUNT | 322.00 |
| Receipt# 26464922 | |

1 **GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
2 Phoenix, Arizona 85004-2553
Tel: 602.257.7422
3 Craig A. McCarthy – 013128
John Taylor Shoaf - 025164
4 mccarthy@gustlaw.com
jtshoaf@gustlaw.com
5

6 **Attorneys for Plaintiff**

7 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8 IN AND FOR THE COUNTY OF MARICOPA

9  JOHN C. McCOLLUM, individually and as
surviving spouse of LITA DELGADO-       No. CV 2018-003793
10 McCOLLUM, decedent,

11               Plaintiff,                     **COMPLAINT**
(Breach of Contract & Insurance Bad Faith)
12         v.

13 UNUM LIFE INSURANCE COMPANY OF         **(JURY TRIAL REQUESTED)**
AMERICA, a Maine corporation; JOHN AND
14 JANE DOES 1-10; XYZ ENTITIES 1-10,

15               Defendants.

16

17         For its complaint against Defendants, Plaintiff alleges:

18         1.     Plaintiff John C. McCollum ("Plaintiff") is and at all relevant times was a

19 resident of the State of Arizona, Maricopa County.

20         2.     Decedent Lita Delgado McCollum ("Decedent") was at relevant times a

21 resident of the State of Arizona, Maricopa County, until her death on February 23, 2016.

22         3.     Defendant UNUM Life Insurance Company of America ("UNUM") is a

23 Maine corporation which conducts business in the State of Arizona and offers life

24 insurance products to insureds who reside in Arizona.

25         4.     Defendant UNUM is also authorized by the Arizona Department of

26 Insurance to issue life insurance policies in the State of Arizona.

CAM:cls 3195251.1 3/14/2018                    1

5.     Defendants John and Jane Does 1-10 and XYZ Entities 1-10 are fictitiously named defendants that may have liability for the actions complained of herein.

6.     Non-party Primary Residential Mortgage, Inc. ("PRMI") is a Utah corporation which conducts business throughout the United States, including the State of Arizona.

7.     Non-party PRMI and others acted as agents of UNUM in disseminating information about its life insurance products available to PRMI employees, facilitating the enrollment process, securing placement of the benefit plans PRMI employees enrolled in and procuring premium payments for UNUM.

8.     Defendant UNUM is vicariously liable for the conduct of its employees, agents and contractors in connection with the negotiation, sale, placement, premium collection and administration of claims pertaining to UNUM policies.

9.     Defendant UNUM is contractually bound by the actions of its employees, agents and contractors, authorized to act on UNUM's behalf.

10.     Defendants caused the events complained of herein to occur in Maricopa County, Arizona.

11.     This court has jurisdiction and venue is proper because the events complained of herein occurred in Apache County, Arizona.

**FACTUAL ALLEGATIONS**

12.     In May 2015, Decedent was hired by PRMI.

13.     On or about August 1, 2015 Decedent became eligible for group insurance benefits through PRMI, including life insurance products offered through UNUM.

14.     Decedent enrolled for life insurance coverage with UNUM, applying for $250,000 in coverage and designating Plaintiff as her primary beneficiary.

. . .

15.    In connection with her enrollment, Decedent completed an Evidence of Insurability form and signed it on December 3, 2015.

16.    Plaintiff signed the Evidence of Insurability form on December 15, 2015.

17.    Decedent was diagnosed with "Valley Fever" in November 2015.

18.    A life insurance policy (Policy No. 876569) was placed by UNUM on its insured, PRMI employer group, and for the benefit of Plaintiff as a group member on or about January 1, 2016 and a previous UNUM policy was cancelled due to policy that only one policy per insured was allowed.

19.    Life insurance premiums for the months of January, February and March 2016 were deducted from Decedent's pay and transferred to UNUM.

20.    On or about January 26, 2016 Decedent was diagnosed with Stage 4 lung cancer.

21.    On or about February 3, 2016, Plaintiff submitted an application for accelerated benefits under Policy No. 876569 due to Decedent's cancer diagnosis.

22.    Plaintiff received no response to his accelerated benefits request.

23.    Decedent succumbed to her cancer and passed away on February 22, 2016.

24.    On or about March 1, 2016, Plaintiff submitted a claim for benefits under Policy no. 876569 and provided the requested certificate of death for Decedent in support of same.

25.    The signed Evidence of Insurability form was found to be in the possession of PRMI personnel following Decedent's death.

26.    Plaintiff does not know if the Evidence of Insurability form was provided to Defendant but asserts that PRMI, acting as an agent for UNUM, either received it or failed to take possession of the executed form.

. . .

CAM:cls 3195251.1 3/14/2018                                    3

1    27.    Nothing contained in Decedent's responses on the completed Evidence of

2    Insurability form would have prevented the issuance of Policy No. 876569.

3    28.    On March 16, 2016, Plaintiff received a letter from UNUM denying his

4    claim for benefits on the basis that Policy No. 876569 was never issued because the

5    Evidence of Insurability form was never submitted.

6

7                              **COUNT ONE**

8                          **(BREACH OF CONTRACT)**

9    29.    Plaintiff incorporates each of the foregoing allegations herein.

10    30.    Decedent and Plaintiff accepted UNUM's offer of life insurance in the

11    amount of $250,000 to be paid to Plaintiff and substantially complied with all

12    conditions for insurability, including the payment of premiums for several months after

13    inception of the Policy.

14    31.    The Evidence of Insurability form completed by Decedent contained no

15    material information that would have negated coverage under the Policy.

16    32.    Pursuant to the Policy, Plaintiff is entitled to payment of the policy

17    benefits as beneficiary in the amount of $250,000.

18    33.    Plaintiff provided UNUM with a timely and comprehensive claim

19    presentation for accelerated benefits under the Policy following Decedent's cancer

20    diagnosis and a timely death claim following Decedent's passing.

21    34.    UNUM has denied coverage for Decedent's death and refused to pay

22    benefits to Plaintiff under the Policy.

23    35.    UNUM's denial of coverage under the Policy constitutes a material breach

24    of contract, by which Plaintiff has been injured, and for which Plaintiff is entitled to

25    damages.

26    . . .

1      36.    A portion of Plaintiff's damages resulting from UNUM's breach are

2 liquidated in the amount of $250,000—the amount of the covered life insurance benefit

3 for which Decedent paid premium—and such amount is known to the parties and

4 requires no calculation.

5      37.    Pursuant to A.R.S. § 12-341.01 and the terms of the Policy, the prevailing

6 party will be entitled to an award of attorneys' fees and costs because this claim arises

7 out of contract.

8      WHEREFORE, Plaintiff requests judgment against UNUM as follows:

9      A.    Compensatory damages in an amount to be determined at trial;

10    B.    Attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01;

11    C.    Pre-judgment interest of the liquidated damages, totaling $250,000.

12    D.    Interest on said attorneys' fees and costs at the highest rate permitted by

13            law from the date of judgment until paid in full; and

14    E.    Such other and further relief as this Court may deem proper and just.

15

16                       **COUNT TWO**

17                       **(BAD FAITH)**

18    38.    Plaintiff incorporates each of the foregoing allegations herein.

19    39.    A duty of good faith and fair dealing is implied into every insurance

20 policy in Arizona.

21    40.    By virtue of the Policy, UNUM owed a duty of good faith and fair dealing

22 to Decedent as insured and Plaintiff as beneficiary under the Policy.

23    41.    UNUM breached its duty of good faith and fair dealing by intentionally

24 failing to pay the full amount of the applicable Policy limit of coverage without a

25 reasonable basis for doing so.

26 . . .

42.     As a result of UNUM's breach, Plaintiff has been damaged.

43.     The actions of UNUM were done knowingly and/or with a conscious or reckless disregard for the actual harm caused or the potential harm likely to be caused.

44.     By reason of the foregoing, UNUM is liable for an award of punitive damages.

WHEREFORE, Plaintiff requests judgment against UNUM as follows:

A.      Direct and consequential damages in the amount to be determined at trial;

B.      Punitive damages in an amount to be determined at trial;

C.      Costs incurred herein and accruing costs pursuant to A.R.S. §§ 12-341;

D.      Such other and further relief as this Court may deem proper and just.

Dated: March 14, 2018.

GUST ROSENFELD P.L.C.

By _____
Craig A. McCarthy
Attorneys for Plaintiff

| | |
|---|---|
| Name: | Craig A. McCarthy, Gust Rosenfeld |
| Address: | One E. Washington, Suite 1600 |
| City, State, Zip: | Phoenix, Arizona 85004 |
| Telephone: | 602.257.7974 |
| State Bar Code: | 013128 |
| Client: | Plaintiff |

**STATE OF ARIZONA**
**DEPT. OF INSURANCE**

MAR 1 9 2018

TIME 10:05 am

**SERVICE OF PROCESS**

## ARIZONA SUPERIOR COURT, County of Maricopa

JOHN C. McCOLLUM, individually and as surviving
spouse of LITA DELGADO-McCOLLUM, deceased,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA, a
Maine corporation,

Defendant.

**ACTION NO.:** CV2018-003793

**SUMMONS**

If you would like free advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

## THE STATE OF ARIZONA TO THE DEFENDANT:

**Statutory Agent - UNUM Life Insurance Company of America**
**2211 Congress Street, Portland ME 04122**

**c/o Arizona Department of Insurance**
**2910 N. 44th Street, Suite 210, Phoenix, AZ 85018**

        **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time
applicable, in this action in this court. If served within Arizona, you shall appear and defend within
20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If
served outside of the State of Arizona -- whether by direct service, or by publication -- you shall appear
and defend within 30 days after the service of the Summons and Complaint upon you is complete,
exclusive of the day of service. Service by registered or certified mail without the State of Arizona is
complete 30 days after the date of receipt by the party being served. Service by publication is complete
30 days after the date of first publication. Direct service is complete when made. Service upon the
Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and
return receipt or officer's Return. Where process is served upon the Arizona Director of Insurance as an
insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required
to appear, answer or otherwise plead until expiration of 40 days after date of service upon the Director.
**RCP 4: ARS §§ 20-222, 28-502, 28-503.**

        Copies of the pleadings filed herein may be obtained by contacting the Clerk of Superior Court,
located at Central Court Building, 201 W. Jefferson, Phoenix, Arizona.

**ADA Notification**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least 3 judicial days in advance of a scheduled proceeding.

**Requests For An Interpreter**

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY THE PARTY NEEDING ACCOMMODATION OR HIS/HER COUNSEL AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED PROCEEDING.
REQUESTS FOR AN INTERPRETER FOR PERSONS WITH LIMITED ENGLISH PROFICIENCY MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY THE PARTY NEEDING THE INTERPRETER AND/OR TRANSLATOR OR HIS/HER COUNSEL AT LEAST TEN (10) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

**YOU ARE CAUTIONED** that in order to appear and defend you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. **RCP 10(D); ARS § 12-311; RCP 5.**

The name and address of plaintiffs' attorney is:

>Craig A. McCarthy
>GUST ROSENFELD
>One E. Washington, Suite 1600
>Phoenix, AZ  85004
>Telephone:   602.257.7974

SIGNED AND SEALED this date: _____

**COPY**

_____
Clerk

MAR 1 5 2018

By _____
Deputy Clerk

MICHAEL K. JEANES, CLERK
C. CRUZ
DEPUTY CLERK

Method of Service
☐ Private Process Service
☐ Sheriff or Marshall
☐ Personal Service
☐ Registered/Certified Mail (out of State)

MICHAEL K. JEANES, CLERK

RECEIVED
NIGHT DEPOSITORY

18 MAR 20 AM 10: 40

FILED
J. Garcia

DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| John C. McCollum, individually and as surviving spouse of Lita Delgado-McCollum, deceased<br>v.<br>UNUM Life Insurance Company of America, a Maine Corporation | **CASE NO.** CV2018-003793<br><br>**AFFIDAVIT OF SERVICE OF PROCESS** |

I, THE Affiant, certify under penalty of perjury that I am fully qualified to serve process in this case, having been so appointed by the Court that I have received and served the following documents in the manner set forth below.

On March 14th 2018 I received from Gust Rosenfeld a Summons; Complaint; Plaintiff's Certificate Regarding Compulsory Arbitration to be served upon UNUM Life Insurance Company of America c/o the Arizona Department of Insurance at 2910 N. 44th St. #210, Phoenix, AZ 85018.

On March 15th at 12:25 pm I attempted service upon UNUM Life Insurance Company of America and the packet was rejected.

On March 19th 2018 at 10:05 am, I personally hand-delivered said documents to Yuliana Salinas (Fiscal Services Specialist) a person authorized to accept service at the Arizona Department of Insurance at 2910 N. 44th St. #210, Phoenix, AZ 85018.

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of March, 2018

Affiant: John Root – Central Courier
Certified: Maricopa County